Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [262638]
*mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-051

Attorneys for Defendants, JAIME
PULIDO AND LUCAS GAYTAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEMETRIK HEARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; DEPUTY JAMIE PULIDO (G76980); WATCH COMMANDER LUCAS GAYTAN (B5575) and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 5:20-CV-02335-JWH-KKX<br><br>**DEFENDANT'S NOTICE AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANT GAYTAN'S "TRUTH SOCIAL" ACCOUNT; DECLARATION OF MICHELLE R. PRESCOTT**<br><br>Motion Date: March 15, 2024<br>Time: 9:00 a.m.<br>Location: Courtroom 9D<br><br>Trial Date: April 15, 2024 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant JAIME PULIDO AND LUCAS GAYTAN ("Defendants") hereby move this Court for an order in limine to exclude any reference to or introduction of defendant Sergeant Lucas Gaytan's social media accounts and/or posts. Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; it is improper to introduce because the only reason such evidence would be proffered is to introduce prohibited character evidence; and such evidence would only serve to unduly prejudice Defendants, waste time, confuse the issues, and mislead the jury.

*Left margin (vertical):* WESIERSKI & ZUREK LLP — LAWYERS — 29 ORCHARD ROAD — LAKE FOREST, CALIFORNIA 92630 — (949) 975 1000

1  Defendant further moves this Court to instruct Plaintiff and his counsel and
2  to require them to advise all witnesses:

3  1. Not to attempt to convey to the jury, directly or indirectly, any of the facts
4  mentioned in this Motion without first obtaining permission of the Court outside of
5  the presence and hearing of the jury.

6  2. Not to make any reference to the fact that this Motion has been filed; and

7  3. To warn and caution each of Plaintiff's witnesses to strictly follow the same
8  instructions.

9  This Motion is made following best efforts at compliance with the meet and
10 confer requirements of Local Rule 7-3. (Declaration of Michelle R. Prescott ¶ 5). This
11 Motion is based upon the Memorandum of Points and Authorities served herewith,
12 upon the Declaration of Michelle R. Prescott, upon the pleadings and papers on file
13 herein, and upon such other and further oral argument and evidence as may be
14 presented at the hearing on this Motion.

15

16

17 DATED:  February 16, 2024          WESIERSKI & ZUREK LLP

18

19

20                                   By: _____

21                                   CHRISTOPHER P. WESIERSKI
                                     Attorneys for Defendants, JAIME PULIDO
22                                   AND LUCAS GAYTAN

23

24

25

26

27

28

DEFENDANT'S NOTICE AND MOTION IN LIMINE NO. 3 TO EXCLUDE
EVIDENCE OF DEFENDANT GAYTAN'S "TRUTH SOCIAL" ACCOUNT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3        Plaintiff Demetrik Heard filed the instant action against San Bernardino County

4  Deputy Jaime Pulido ("Deputy Pulido") and Watch Commander Lucas Gaytan ("Sgt.

5  Gaytan") arising out of a November 14, 2018, incident at the Jack-in-the-Box located

6  at 14515 Mojave Road, in the city of Victorville, California (the "Incident").  Mr.

7  Heard is a Federal Immigration Officer who was wearing plain clothes but carrying a

8  concealed weapon at the time of the Incident.  Officers responded to a 9-1-1 call

9  regarding a man seen removing a gun from his vehicle and putting the gun in his

10  waistband before entering Jack-in-the-Box.  Although Plaintiff claimed to be a law

11  enforcement officer, his claim was doubted because of his belligerent conduct, his

12  plain clothes, unmarked car, a gun that came back unregistered, and his initial refusal

13  to provide his supervisor's contact information.  Plaintiff was transported to the police

14  station in order to continue attempts to verify his employment status and authority to

15  carry a concealed weapon.  While at the station, Mr. Heard finally provided his

16  supervisor's contact information, at which point the deputies were able to confirm his

17  identity and authority to carry a concealed weapon and promptly released him.

18  Plaintiff alleges that he was falsely arrested and subjected to an unlawful search of his

19  wallet.

20        By way of this motion, Defendants seek to exclude evidence of defendant

21  Sergeant Lucas Gaytan's social media accounts.  During his deposition, Sgt. Gaytan

22  was examined about his social media accounts, including a social media account on

23  Truth Social – a social media platform set up by former President Donald J. Trump.

24  Sgt. Gaytan has not posted on his social media account and has not posted anything

25  about this case.  Defendants anticipate Plaintiff will attempt to use Sgt. Gaytan's

26  political affiliation as impermissible character evidence.  Defendants object to the use

27  of this information at trial as irrelevant, impermissible character evidence, and a waste

28  of judicial resources and time.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

**I.     MOTIONS IN LIMINE GENERALLY**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "The purpose is to avoid the futile attempt of 'unring[ing] the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record. *See Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003) (citing *Kelly v. New West Fed. Sav.,* 49 Cal. App. 4th 659, 669, 56 Cal. Rptr. 2d 803 (1996)). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. *See U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002)." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525 PSG (PJWx) 2010 U.S. Dist. LEXIS 141013, at *2 (C.D. Cal. May 19, 2010).

**II.     SERGEANT GAYTAN'S SOCIAL MEDIA ACCOUNTS SHOULD BE
        EXCLUDED BECAUSE THEY ARE IRRELEVANT AND NOT
        ADMISSIBLE**

At his deposition, Sergeant Gaytan was asked about his social media accounts and requested to provide his handle and login information for Truth Social.  Sgt. Gaytan identified his YouTube account, Rumble App, and Truth Social.  Other than posting a video of his daughter more than 10 years before, Sgt. Gaytan denied he had made any posts on the websites and only used them to read other posts or watch videos. (*See* Declaration of Michelle R. Prescott ("Prescott Decl.") ¶ 3). Defendants anticipate Plaintiff will attempt to imply that Sgt. Gaytan is associated with racist groups based on his Truth Social account. (Prescott Decl. ¶ 4).  Defendants oppose the use of evidence as irrelevant to the issues in this case, as impermissible character evidence, and as a mischaracterization of Sgt. Gaytan that will waste time with a mini-trial about whether Sgt. Gaytan is in fact a Trump supporter, and whether all Trump supporters are racists.

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any

4

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975·1000

tendency to make a fact more or less probable than it would be without the evidence,"
and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a), (b);
*see also Huddleston v. United States,* 485 U.S. 681, 682-692 (1988). Here, the
relevant legal issues are whether Plaintiff was unreasonably detained and arrested
Plaintiff, or whether Plaintiff's wallet was unlawfully searched. Sgt. Gaytan's political
affiliation and social media accounts has no bearing on these issues.

Rule 402 of the Federal Rules of Evidence prohibits a party from introducing
any evidence that is not relevant, stating in part: "Irrelevant evidence is not
admissible." Rule 402.

Even if Plaintiff postulates some arguable basis why evidence regarding Sgt.
Gaytan's political affiliation or social media accounts, Rule 403 allows the exclusion
of relevant evidence, "if its probative value is substantially outweighed by a danger
of one or more of the following: unfair prejudice, confusing the issues, misleading the
jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
"Unfair prejudice" within this context refers to "an undue tendency to suggest decision
on an improper basis, commonly, though not necessarily, an emotional one." Fed. R.
Evid. 403, Advisory Committee Notes; *see also United States v. W.R. Grace,* 504 F.3d
745, 759 n.6 (9th Cir. 2007).

In this case, any arguable probative value of evidence of Sgt. Gaytan's political
affiliation or social media accounts is overwhelmingly outweighed by the prejudice
to Defendants. The likelihood of prejudice and bias on the part of the jury is
substantial, since reference to former President Trump and/or his social media
platform is strongly associated with racist attitudes and racial resentment.[1]  Sgt.
Gaytan's social media accounts and political affiliation has no bearing in the current
action. The introduction of the irrelevant evidence would likely serve to inflame the

---

[1] See Wikipedia, Racial views of Donald Trump
<https://en.wikipedia.org/wiki/Racial_views_of_Donald_Trump>

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  jury and encourage them to make an emotional decision about Sgt. Gaytan's actions
2  in this matter without regard to the admissible evidence.

3      Consequently, the Court should exclude all evidence of Sgt. Gaytan's social
4  media accounts and political affiliation.

5  **III.**  **SGT. GAYTAN'S SOCIAL MEDIA ACCOUNTS SHOULD BE**
6  **EXCLUDED AS INADMISSIBLE CHARACTER EVIDENCE**

7      Federal Rule of Evidence 404 expressly forbids "[e]vidence of a person's
8  character or character trait" to prove "that on a particular occasion the person acted in
9  accordance with the character or trait." Fed. R. Evid. 404; *Huddleston v. U.S.,* 485
10  U.S. 681, 685 (1988) (noting that the rule "generally prohibits the introduction of
11  evidence of extrinsic acts that might adversely reflect on the actor's character").

12      It is a well-established principle of law that evidence of an actor's other,
13  separate acts may not be introduced in order to show: a) that the actor is possessed of
14  a certain propensity; and b) that he acted in conformance with that propensity in the
15  incident at issue. *See, e.g., Michelson v. United States,* 335 U.S. 469, 475-76 (1948)
16  (explaining history and policies behind rule); *United States v. Curtin,* 489 F.3d 935,
17  944 (9th Cir. 2007) (quoting Fed. R. Evid. 404, Advisory Committee Note)
18  ("Character evidence is of slight probative value and may be very prejudicial. It tends
19  to distract the trier of fact from the main question of what actually happened on the
20  particular occasion. It subtly permits the trier of fact to reward the good man and to
21  punish the bad man because of their respective characters despite what the evidence
22  in the case shows actually happened."); *United States v. Lynch,* 437 F.3d 902, 913-14
23  (9th Cir. 2006) (affirming the Rule 404(a) preclusion of evidence that a third party
24  witness made threats and acted violently on prior occasions).

25      Other acts may, however, be admissible for other purposes, such as proof of
26  motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of
27  mistake or accident." In determining whether evidence of other wrongful acts is
28  admissible under the Rule 404(b) exceptions, courts apply a four-factor test

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

1  articulated in *United States v. Bailleaux,* 685 F.2d 1105, 1110 (9th Cir. 1982), and

2  modified in *United States v. Miller,* 874 F.2d 1255, 1268 (9th Cir. 1989): 1) "There

3  [must be] sufficient evidence to support a finding by the jury that the defendant

4  committed the similar act," *Miller,* 874 F.2d at 1268 (quoting *Huddleston v. United*

5  *States,* 108 S. Ct. 1496, 1499 (1988)); 2) "The prior [act] must not be too remote in

6  time from the commission of the [present wrong]," *Bailleaux,* 685 F.2d at 1110; 3)

7  "The prior . . . conduct must, in some cases, be similar to the offense charged," *id.;*

8  and 4) "The prior conduct must be introduced to prove an element of the charged

9  offense that is a material issue in the case." *Id.*

10      The evidence of Sgt. Gaytan's social media accounts and/or political affiliation

11  are not prior bad acts that show a motive, opportunity, intent, preparation, plan,

12  knowledge, identity, or absence of mistake or accident.  There is no legitimate use of

13  the evidence at trial.  Further, because intent is not an element of a 42 U.S.C. § 1983

14  claim for false arrest or unlawful search  (See *Graham v. Connor*, 490 U.S. 386,397

15  (1989), prong four of the *Bailleaux* test precludes the admission of evidence of prior

16  acts. Moreover, there is no relationship between Sgt. Gaytan's social media accounts

17  and/or political affiliation and the alleged conduct in the Plaintiff's claims.

18  Accordingly, none of the prongs of the *Bailleaux* test are satisfied.

19      As explained above, Sgt. Gaytan's social media accounts and political

20  affiliation are irrelevant under Rules 401 and 402 to the issues to be decided by the

21  jury. Moreover, the tenuous probative value of questions regarding, or reference to,

22  his social media accounts and/or political affiliation are "substantially outweighed by

23  a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury," and

24  should be excluded pursuant to Rules 403 and 404(b).

25  / / /

26  / / /

27  / / /

28  / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court grant this Motion in Limine and preclude the introduction of any evidence or testimony concerning the unrelated social medial accounts and/or political affiliation of Sgt. Gaytan.

DATED:  February 16, 2024              WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
Attorneys for Defendants, JAIME PULIDO
AND LUCAS GAYTAN

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

1    **DECLARATION OF MICHELLE R. PRESCOTT**

2    I, Michelle R. Prescott, declare:

3    1.    I am an attorney at law licensed to practice before all the courts of the

4    State of California and am a senior partner with Wesierski & Zurek LLP, counsel of

5    record for Defendants Gaytan and Pulido .

6    2.    The following facts are within my own personal knowledge, except as to

7    those matters stated to be on information and belief, which I believe to be true.  If

8    called as a witness, I could and would competently testify to these facts.

9    3.    On July 20, 2022, Defendant Lucas Gaytan was deposed in this matter.

10    During his deposition he was examined about his social media accounts and whether

11    he had posted on them.  Sgt. Gaytan denied he had posted on the social media

12    accounts.  True and correct copies of the relevant pages of the deposition transcript

13    are attached hereto as Exhibit "A".

14    4.    Based on the examination of Sgt. Gaytan regarding his social media

15    accounts, Defendants anticipate Plaintiff will attempt to use Sgt. Gaytan's political

16    affiliation and social media accounts to imply Sgt. Gaytan has racist tendencies or

17    beliefs.

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT'S NOTICE AND MOTION IN LIMINE NO. 3 TO EXCLUDE
EVIDENCE OF DEFENDANT GAYTAN'S "TRUTH SOCIAL" ACCOUNT

1    5.    Defendants have made best efforts to comply with the local rules

2  regarding meeting and conferring prior to filing Motions in Limine.  On February 2,

3  2024, counsel for Defendants emailed counsel for Plaintiff who was out of the

4  Country.  The substance of the motion was addressed and a request was made that he

5  advise our office whether he would stipulate to the exclusion of this material. On

6  February 12, 2024, I met and conferred over the telephone with Plaintiff's counsel

7  again regarding the subject matter of this motion in limine.  Counsel for Plaintiff

8  would not agree to exclude the evidence at issue during trial.

9

10    I declare under penalty of perjury under the laws of the State of California that

11  the foregoing is true and correct.

12    Executed on this 16th day of February, 2024, at Lake Forest, California.

13

14

15  Michelle R. Prescott

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT'S NOTICE AND MOTION IN LIMINE NO. 3 TO EXCLUDE
EVIDENCE OF DEFENDANT GAYTAN'S "TRUTH SOCIAL" ACCOUNT